1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEIRDRE SAOIRSE MOEN,

        Plaintiff,

  v.

MERRICK BANK CORPORATION,

       Defendant
_____/

No. C 07-0574 MMC

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT;
DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT;
ORDERING PLAINTIFF TO SHOW
CAUSE WHY SUMMARY JUDGMENT
SHOULD NOT BE ENTERED ON FIRST
AND FOURTH CLAIMS FOR RELIEF**

Before the Court is defendant Merrick Bank Corporation's motion, filed April 6, 2007,

for summary judgment on each claim in plaintiff Deidre Saoirse Moen's complaint, pursuant

to Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff has filed opposition, to which

defendant has replied. Also before the Court is plaintiff's motion for partial summary

judgment, filed April 17, 2007, by which plaintiff seeks summary adjudication of two issues.

Defendant has filed opposition thereto.  Having considered the papers filed in support of

and in opposition to the motions, the Court deems the matter suitable for decision thereon,

VACATES the hearing scheduled for May 11, 2007, and rules as follows:

    1.  Plaintiff, in her opposition, states she wishes to dismiss the Second Claim for

Relief, alleging a claim for violation of 15 U.S.C. § 1681s-2(b), Third Claim for Relief,

alleging a claim for violation of Cal. Civ. Code §§ 1785.25(a), (b), (c), and (f), and Fifth

1  Claim for Relief, alleging a claim for negligence.  Accordingly, the Court will grant

2  defendant's motion for summary judgment with respect to such claims.

3        2.  With respect to the Sixth Claim for Relief, by which plaintiff alleges defendant

4  made false statements in an attempt to collect a debt, in violation of the Fair Debt

5  Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, both parties seek summary

6  judgment on the issue of whether defendant is a "debt collector" for purposes of the

7  FDCPA.  The FDCPA "treats assignees as debt collectors if the debt sought to be collected

8  was in default when acquired by the assignee."  See Schlosser v. Fairbanks Capital Corp.,

9  323 F. 3d 534, 536 (7th Cir. 2003).  Because the FDCPA does not define "default," district

10  courts employ the definition set forth in the parties' contract, at least where the contractual

11  definition is unambiguous, to determine whether the debt at issue was in default when

12  assigned.  See, e.g., Hartman v. Meridian Fin. Serv., Inc., 191 F. Supp. 2d 1031, 1042-44

13  (W.D. Wis. 2002) (finding defendant was debt collector for purposes of FDCPA where

14  plaintiff's loan was in default under terms of contract at time defendant obtained loan).

15        Here, it is undisputed that defendant is an assignee of the debt at issue.  Defendant,

16  however, offers no evidence as to whether plaintiff's debt was in default at the time of the

17  assignment, and, consequently, fails to demonstrate the absence of a triable issue as to its

18  status as a debt collector.  Plaintiff, while providing a copy of a document she asserts sets

19  forth defendant's "current standards for default," (see Pl.'s Opp. at 9:1-7, Pl.'s Ex. L),[1] does

20  not offer a copy of the potentially relevant contract, i.e., the contract that existed between

21  plaintiff and the original creditor, or otherwise establish the contracting parties' agreement

22  as to the meaning of "default"; consequently, plaintiff likewise fails to demonstrate the

23  absence of a triable issue.  Accordingly, neither party is entitled to summary judgment on

24  the Sixth Claim for Relief.

25        3.  Defendant is entitled to summary judgment on plaintiff's Seventh Claim for Relief,

26  alleging a claim for violation of § 1788.17 of the California Civil Code.  Section 1788.17 is

27  ─────────────────

28        [1]Defendant's objection to plaintiff's Exhibit L for lack of authentication is sustained, although, as further noted, said exhibit is irrelevant.

2

preempted by 15 U.S.C. §1681t(b)(1)(F), which preempts state law claims "relating to the responsibilities of persons who furnish information to consumer reporting agencies."  See 15 U.S.C. § 1681t(b)(1)(F); see, e.g., Pirouzian v. SLM Corp., 396 F. Supp. 2d 1124, 1130 (S.D. Cal. 2005) (holding claim under Cal. Civ. Code § 1788.17 against defendant who allegedly reported false information to credit reporting agency preempted by § 1681t(b)(1)(F)).  Conversely, plaintiff is not entitled to summary judgment as to the Seventh Claim for Relief on the issue of preemption because, as set forth above, such claim is preempted.

4.  Defendant's motion for summary judgment on the First Claim for Relief, alleging a claim for defamation, and the Fourth Claim for Relief, alleging a claim for false light invasion of privacy, is premature.  Although defendant argues plaintiff will not be able to prove the merits of said claims, the motion was filed before initial disclosures have occurred, and, consequently, plaintiff's request for an opportunity to conduct discovery on the merits of her claims ordinarily would be granted.  See Burlington Northern Santa Fe R.R. Co., v. Assiniboine and Sioux Tribes, 323 F. 3d 767, 773 (9th Cir. 2002) (holding where summary judgment motion is filed "early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely").[2]

Here, however, it appears to the Court that the First and Fourth Claims are, as is the Seventh Claim, preempted by 15 U.S.C. §1681t(b)(1)(F).  As noted, state law claims "relating to the responsibilities of persons who furnish information to consumer reporting agencies" are preempted.  See 15 U.S.C. §1681t(b)(1)(f).  In her opposition, plaintiff clarifies that the basis of her First and Fourth Claims for Relief is, in each instance, defendant's having made false and/or misleading reports to credit reporting agencies.  (See Pl's Opp. at 5.)  Accordingly, plaintiff will be ordered to show cause why the Court should

---

[2]Because, as discussed in the preceding section, defendant's motion for summary judgment, as it pertains to the Seventh Cause of Action, is based on a legal argument, as opposed to plaintiff's asserted lack of evidence, the principles set forth in Burlington Northern Santa Fe R.R. are not implicated thereby.

not enter summary judgment in favor of defendant as to the First and the Fourth Claims for Relief, on the ground of preemption.[3]

**CONCLUSION**

For the reasons stated:

1.  Defendant's motion for summary judgment is hereby GRANTED in part and DENIED in part, as follows:

    a.  the motion is GRANTED as to the Second, Third, Fifth, and Seventh Claims for Relief, and,

    b.  the motion is DENIED as to the Sixth Claim for Relief.

2.  Plaintiff's motion for partial summary judgment is hereby DENIED.

3.  Plaintiff is hereby ORDERED to show cause, in writing and no later than May 27, 2007, why summary judgment in favor of defendant should not be entered as to the First and Fourth Claims for Relief, on the ground of preemption.

**IT IS SO ORDERED.**

Dated: May 7, 2007

*Maxine M. Chesney*
MAXINE M. CHESNEY
United States District Judge

---

[3]If plaintiff makes such showing, the Court will set a schedule for further briefing on the merits of said claim.

4